**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-10169
Summary Calendar

In The Matter Of: LONDREW GLENN TERRELL

                                                        Debtor

The Cadle Company,

                                                        Appellee,

VERSUS

Londrew Glenn Terrell,

                                                        Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(4:01-CV-399-E)

July 30, 2002

Before DeMOSS, PARKER, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

     The Cadle Company ("Cadle") is a creditor of debtor Londrew

Glenn Terrell ("Terrell") by way of Cadle's purchase of an unpaid

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment entered against Terrell on February 12, 1990 by the United States District Court for the Southern District of Texas. On February 22, 2000, Terrell filed for bankruptcy protection pursuant to Chapter 7 of the Bankruptcy Code. Cadle filed an adversary proceeding objecting to Terrell's discharge pursuant to 11 U.S.C. § 727(a)(3), on grounds that Terrell failed to retain records from which his financial condition could be ascertained. Both parties filed cross motions for summary judgment. The bankruptcy court granted summary judgment in favor of Terrell finding that the 1990 judgment was no longer valid. Cadle then appealed to the district court. The district court reversed the granting of summary judgment if favor of Terrell, and granted summary judgment in favor of Cadle. The district court found that the 1990 judgment was still valid and that Terrell's discharge should be denied pursuant to § 727 (a)(3).

Section 727 "makes complete financial disclosure a 'condition precedent' to the privilege of discharge." *United States v. Ellis*, 50 F.3d 419, 424 (7th Cir. 1995). *See also Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3rd Cir. 1992)(debtor's disclosure of financial condition is a prerequisite to obtaining a discharge); *In re Sigust*, 255 B.R. 822, 827 (Bankr. W.D. La. 2000),(purpose of § 727(a)(3) is to test the completeness of the disclosure requirements to a discharge.) (quotations omitted), *aff'd sub nom. Sigust v. McDonough*, 281 F.3d 1280 (5th Cir. 2001) (Table, No. 01-30583); *Matter of Hughes*, 184 B.R. 902, 908 (Bankr. E.D. La. 1995) ("disclosure of the debtor's financial condition is a prerequisite to obtaining a discharge"). The law does not require an impeccable system of bookkeeping. *Median Bank*, 958 F.2d at 1230. However, at

the very least a debtor has a duty to disclose all of the records available to him.

In this case, Cadle has established that Terrell did not meet his duty of complete disclosure. Cadle satisfied its burden by showing that Terrell failed to keep and provide credit card records and bank statements from his wife's checking account. Terrell notes in his bankruptcy schedule that he had at least $59,000 in credit card debit, but he failed to provide any documentation to substantiate this debt. The record indicates that credit card records were kept on microfilm by the credit card companies. Terrell could have obtained these records from the credit card companies. Additionally, he could have obtained past bank statements from his wife's bank account. It is true, that Terrell did provide copies of tax returns, bankruptcy schedules, copies of automobile insurance records, and his Last Will and Testament; however, his withholding of some of the available records demonstrates that he failed to meet his duty of complete disclosure as required to gain a discharge.

Nonetheless, the debtor is still entitled to a discharge if his failure to keep records can be justified. *In re Grisham*, 245 B.R. 65, 75 (Bankr. N.D. Tex. 2000). The burden is on the debtor to justify his failure to keep records. If the debtor fails to sustain his burden, and does not provide a sufficient explanation, the debtor does not receive the discharge. *In re Sigust*, 255 B.R. at 827. Here, Terrell fails to provide any justification for his failure to completely disclose and keep financial records. Terrell only argues that what he disclosed was sufficient. Terrell also argues that Cadle never asked for any additional records. Neither of these arguments address the issue of providing a justification

-3-

why Terrell failed to meet his original duty.  Therefore, for the above reasons, and those set forth by the district court, we find that Terrell is not entitled to a discharge.

After careful review of the Appellant's claims, the briefs, and the record, the well reasoned opinion of the district court is affirmed on all issues presented on appeal.

JUDGMENT AFFIRMED.